The next case today is Wilfredo Segarra Miranda versus Banco Popular de Puerto Rico et al. Appeal number 20-9006. Attorney Gonzalez, please introduce yourself for the record and proceed with your argument. Good morning, your honors. Attorney Rafael Gonzalez Valiente, representation of Wilfredo Segarra Miranda, chapter 7 trustee for the estate of José López Cancel. I would like to reserve two minutes for rebuttal. Yes. If it pleases the court, the cause of action that gives rise to today's appeal was brought by the chapter 7 trustee in order to avoid and preserve a transfer of property of the estate pursuant to sections 544 and 551 of the Bankruptcy Code. In this case, the transfer is an unperfected lien over the debtor's property. The facts of this case are not in controversy. Debtor signed a note and then a mortgage deed to guarantee the repayment of that note. The mortgage deed was not perfected prior to the filing of the petition. In dismissing the adversary proceeding, the bankruptcy court attempted to differentiate the binding first circuit case of the Giacomo versus Traverse, and to do so, the bankruptcy court held that the Puerto Rico mortgage law follows the lien theory while Massachusetts follows the title theory. According to the bankruptcy court in the BAP, the mortgage law in Massachusetts provides some sort of equitable and private right while the mortgage law in Puerto Rico does not compare any rights whatsoever until the mortgage has been recorded, and that, therefore, Traverse does not apply. First of all, we understand that this is incorrect. If nothing else, the signing of the deed grants the creditor the right to perfect that mortgage. This is important because Congress specifically intended the term transfer of an interest property in section 101.54d of the bankruptcy code to be interpreted as broadly as possible and includes latent, conditional, and contingent rights or transfers. This alone should be enough, Your Honors. The unrecorded deed provides the creditor the latent and contingent right to perfect  the mortgage law in the state of Puerto Rico. Transferring property as defined by the same court in Soto Rios is, and I quote, an interest in property is broader than the term lien, Your Honor. Congress intended for interest in property to be as broad as possible, and that is what we have here. The bank acquired an interest in the property in as much as it could perfect the mortgage. If I entered into a contract with you, I made a contract offer to you in writing and put it on your desk, and you hadn't accepted or rejected it yet, and then there was a bankruptcy filing, did you have a property interest because you could have accepted the deal? You had the power to accept the deal, but you didn't? No, I don't believe so, Your Honor. In this case, the deed was signed. It was never in the power of the parties to change what the deed says or the deal does, only that the notary present the mortgage in the property registry and the lien be registered. What are we to make of these Puerto Rican statements that the perfecting is a constitutive act? It seems to me that the case law is saying that the property interest doesn't exist until it's registered. We understand that for purposes of bankruptcy code, the definition of interest in property is sufficient, and let me explain. I will give two examples. One, first, the same as in any other mortgage all across the nation where the mortgage is because it's void, as defined by numerous courts, including the Fifth Circuit and the Puerto Rico Supreme Court, which state that a null and void transfer is one that does not exist, that never conveyed any rights, but under Section 551, the Congress intended for that transfer to be preservable for the estate. And I quote in the Senate report for Section 551, it states that a transfer avoided or a lien that is void is preserved for the benefit of the estate. The appease and the bankruptcy court would have this court accept that if no personal private rights were transferred, then Section 551 would not exist. Well, that's exactly what happened in void transactions, which have been preserved by bankruptcy courts all across the nation in deeds such as where the property was not properly described or the debtor was not identified in the deed. Those are void transfers. If I may, I'm a little confused about the role of state law here, Puerto Rico law, which seems to have, as Judge Kayada just said, be quite clear that until a mortgage is recorded, there is no property interest. That would also seem to say, well, maybe you can create one in the future, maybe you can't. But your suggestion seems to be that Congress wanted us to disregard state law definitions of property, and I think that is simply not true. The whole bankruptcy system depends upon state law definitions of property. Well, Your Honor, my response to this is like this. The mortgage law in Puerto Rico what provides is that you can't perfect the lien. There's no lien. There's no actual lien until the mortgage is recorded. That does not mean and nowhere in the state law is there a finding or do we find any language that says that there is absolutely no property rights. We contend that the mere fact that the creditor has the right to present and perfect that mortgage provides a property right. Let me give you a hypothetical situation to prove this point. Do you have a Puerto Rican case that says that? No, Your Honor. No, you don't. No, but you're relying on a broad definition of the federal bankruptcy code to create in you such a right, but you cannot cite to us a Puerto Rican case that says you have any such right, much less that it is a property right. Your Honor, but if I may, let me give you two things to answer that question. First, let me give you a hypothetical question or hypothetical situation. If the creditor has an unperfected lien and the government for any reason decides to affect that and prevents the creditor from perfecting that lien, say they want to build a park in the property or some other public use for the property, then the creditor would have a takings claim against the company. Oh, please. You're making a constitutional argument that we... No. You certainly did not make any suggestion to the courts we are reviewing. No, no, Your Honor. That's not what I wanted to... Then why was there a reference to takings? Because if the government... This has nothing to do with constitutional right of the state or anything like that. I just wanted to point out that the creditor would have a property interest that would have to be reimbursed by the government if the government were to affect that lien before the creditor had a chance to register that property. And that provides a response, that provides an example of why there is an interest in the property and how the creditor has a property right. But more to the point, we have to remember that this is a valid mortgage that simply was not presented. The bankruptcy code has to be interpreted as a whole, harmoniously, if you will. Section 362 provides the automatic stay that bars the creditor from presenting or perfecting the lien. But it also provides Section 551, which provides how that lien can be perfected and preserved for the benefit of creditors, Your Honor. Judge Kayada? Could you go back to your prior point? As I understand it, you're saying that the possession of a mortgage without perfecting it is indeed itself a property interest because you have the ability to perfect it. And you're saying it's property by saying that if the government tried to take it, it would be a taking. It would be a property right for takings purposes. Is there any case that says that the taking by a government of an unperfected mortgage from someone is a taking of property? To be honest, Your Honor, I don't know. This came to me last night at 12 o'clock. But I can look, and if I find some, I'll gladly provide a supplement to the court stating if I find a case. You made no such argument to the District Court and the Bankruptcy Court. Isn't that correct? No, Your Honor. But this is not a new argument. This is just an example of why this is a property right, not a new argument. Counsel, let me interrupt you there and ask whether the court has additional questions at this time. You have reserved some time. All right. Thank you. We will hear from Ms. Landro. If you would mute your audio and video, Mr. Gonzalez-Valente, thank you. Good morning, Your Honors. Good morning. The mere signing of a mortgage deed does not transfer title to a mortgagee. In Puerto Rico, title is maintained with the mortgagee or the debtor. Does it transfer a property interest? No, it does not, Your Honor. So does it follow then the Commonwealth could take an unperfected mortgage and not have to pay for it? Just pass a statute saying any of them that aren't perfected now belong to the state? No, Your Honor. It is simply not a mortgage. I understand that the flaw in trustee's argument is that they failed to acknowledge that clear rulings of the Supreme Court, which state that when determining whether a lien was created, a court must consider the applicable state law as property interest, such as mortgages are created and defined by state law. But the other party is not claiming there's a lien. They're claiming there's property interest in the form of a right to perfect the lien. That's a property interest. That someone, when I give someone, I guess when I give someone a mortgage in Puerto Rico, they don't have title to my property. And I think that's being conceded. But I think they're also saying I have given someone something, which is they now have a  The issue is that pursuant to state law, the mortgage is not created until it is presented at the property registry. That the property right is created when it has access to the registry, not by the mere signing of the mortgage deed. In this particular case, the trustee missed that in this case, the creditor filed a secure which was objected by the debtors. And in this case, and this is also an uncontested fact in this case, the bankruptcy court ruled that precisely because the creditor had not presented the mortgage deed at the property registry, there was no mortgage or property right which entitled this creditor to a secure claim or a property interest over this property. Now, yes, as you stated, your honor, when a debtor or a person signs and the deed, it does give that right to go to the registry and create a property interest. But the property interest is not created until it has access to the it is presented at the registry. And that has already been decided in the Soto Rios case, which clearly states that for a mortgage to be validly constituted in Puerto Rico, it must number one, be stipulated in a deed. And number two, the mortgage deed is recorded in the property registry. Now, I understand that there could be an issue of semantics here because the trustee stating that a mortgage deed that does not have access to the property registry is an unperfected lien. That is not correct. A mortgage deed that does not is not presented at the registry is simply not a lien. It is not a mortgage. In our brief, and we can set it before the court if your honors wish for me to do that. But we set for specific articles of the civil code and a Supreme Court of Puerto Rico case law, which specifically require the presentation of that deed at the registry in order for a property interest or a mortgage to be created. Now, I will say. You seem to be suggesting that there is a conflict between existing Puerto Rican law, which does not recognize this as a lien or any sort of legally enforceable right creating a property interest. And the argument being made by the trustee that, oh, well, whatever Puerto Rico law says, the federal statute overrides that. Have I understood that? Your honor, the issue is that the trustee has failed to set forth any statutory basis or case law to support the argument that an unrecorded mortgage deed creates a lien pursuant to Puerto Rico law. I don't think he's saying it creates a lien. I think he's saying that the right to perfect the lien is an interest in property that has been transferred. Well, for that, your honor, we will need to see the definitions of lien and transfer in the bankruptcy code. Sections 101.37 of the bankruptcy code and section 101.54 of the bankruptcy code provides the definition of what is a lien and a transfer. And both definitions require the prepetition creation of a lien and the establishment of property to secure payment of the obligation, none of which exist in this case. In fact, what the trustee is doing is that it is incorrectly comparing no transactions to an unrecorded mortgage. A trustee really is confusing what I would call apples with oranges. A void or no transaction is one which never existed. In this case, a transaction did exist. It just never transferred a security interest in favor of creditor because the requirement for the existence of a mortgage, which is a prepetition presentation of a registry, never occurred. Thus, popular is a general unsecured creditor because the mortgage deed never gave way to a mortgage lien. This transaction is not null or void. It just never became a mortgage. Actually, as the court has recognized in the case of Soto Rios, it is a personal obligation, but it did not create an interest in a property. It did not create property rights. It seems to me, counsel, that we need to be, we've got to clarify one thing here. I would think that a contractual right, such as the one you just described, is an interest in property, but it's not the kind of property that is an interest in land that is spoken of in this avoidance section. Am I wrong about that? That is correct, your honor. That is why we cited the case of Soto Rios, which says that, yes, there is an interest, but it is a personal obligation. It is not an interest in real property pursuant to the laws of Puerto Rico, to the Commonwealth of Puerto Rico. Yes, your honor. Now, what in this case, it is an undisputed fact that mortgage deed number 734, signed on December 30th, 2003, was never presented at the property registry prior to the filing for relief. Therefore, pursuant to the laws of the Commonwealth of Puerto Rico and the provisions of the bankruptcy court, there was no transfer of property, which can entitle the trustee pursuant to section 544, to the avoidance of a lien. Counsel, that uses up your time. Let me just ask if the court has additional questions of you. No, thank you. All right, so thank you very much. Thank you. And we'll hear from Mr. Ramirez de Arellano. Good morning, Mr. Court. Sergio Ramirez de Arellano on behalf of Appalee Bank of Puerto Rico. Would like to reserve two minutes for rebuttal. Counsel, let's hear your full argument, given that you are in Appalee. From the argument this morning, it is very clear that the appellant trustee has not met his burden. What we have here is the trustee has brought us an action under 544, the bankruptcy code. And that section requires that the court apply state law. According to state law, there has been no lien created for the benefit of the creditor, Banco Poblado, which I represent, or the trustee. The party signed a contract which was called a mortgage deed. However, as required by Puerto Rico law, in order for the creditor or the trustee to have full rights under that contract, a presentation and recordation of the mortgage deed was required to raise your property. But that did not occur in this case. The trustee also claims that section 551 grants the trustee rights outside section 544. But it is our position that 551 follows 544, not that 551 is interpreted. Okay, counsel, you have frozen. Hi, Judge. He's back. All right, thank you. Please proceed. Well, Banco Popular, when the parties executed the mortgage, they hoped to have a mortgage over the property, but that never occurred. What Banco Popular has is an unsecured personal loan with the debtor, and the trustee cannot have better rights than Banco Popular in this case, which unfortunately will suffer a great loss because its mortgage was never recorded. And we subscribe by the arguments made by Attorney Landreau on behalf of the debtors. And those are two, three minutes of argument. Thank you. Questions? All right. Thank you, Mr. Ramirez. Mr. Gonzalez Valente, you have two minutes. Yes, Your Honor. Good afternoon. Good morning. First, counsel for the debtor stated that and told the court that it needed to look at the bankruptcy code definition for lien under section 101-37. But that's not correct. We have to look at section 101-54-D, which defines what a property interest and a transferring property interest is. And Congress intended, and you can look at the legislative history for and the case law interpreting it. Counsel, let me just, I want just a point of clarification. When you say, you know, look at D, does it matter whether it is personal property, a state, and land? No, Your Honor, because actually in Puerto Rico, the personal property registry and liens over personal property work exactly the same way. The registration. Do you acknowledge that this is, to the extent that it is property, it is personal property, this right to perfect? Well, no. Are you saying it itself creates an interest in land? I believe that it creates an interest in the land because the presentation of the deed and the property registry. Does your argument hinge on that conclusion? You're not making an argument, are you, that even if this is personal property, you still prevail? No, Your Honor. Okay, thank you. What do you do with the statutory language, which is we're not just talking about any interest in property. We're limited to interest in property that have been disposed of or parted with by the debtor. So the debtor did not, prior to the transaction, the debtor did not have this right to perfect. The debtor had land or real estate, so there was no disposition or transfer of the thing that you say is an interest in property. The problem is that in Puerto Rico, that is exactly the difference between title and lien theory. In Puerto Rico, a mortgage never divests title from the debtor or the owner of the property. It just gives the owner a right to foreclose on that property, but it never stops being the debtor's property. So the presentation of the deed would not have given title to the bank. It would just have given a lien to the bank that it could foreclose on. But a lien is covered by A, by 101-54-A. If there's a lien created, that's fine. You're not relying on A, you're relying on D, and D requires a disposition of property, of an interest in property. I'm sorry, Your Honor. I'm looking at the section right now. And well, Your Honor, to be honest, I believe that the way that Congress intended section 54-D to be read is it reads as each mode of direct, indirect, absolute or conditional, voluntary or involuntary of disposing or party of an interest in the property. Not the property, an interest in the property. And a lien has been defined as an interest in the property. Actually, Sotorrios, which is the case that the debtor keeps citing, defines that interest is property. But your argument is not based on a lien. So it makes no difference that a lien is an interest in property because that's not your argument. Your argument is that this ability or power to perfect the lien is the property interest. Of course, Your Honor, it is. How was that transferred? It went by the signing of the deed, Your Honor. It was created. The signing of the deed granted the creditor the right to perfect that lien. And that right that was created upon the signing of the mortgage deed provides the creditor with the right, the property interest over the property. Your Honor, to close, I would like to point out that it is important to remember that void transactions, those that give absolutely no rights, no rights whatsoever, have been found to be preservable for the estate. How can a transaction that gives no rights on the signing of the document be preservable but a lien or a mortgage deed that was signed that gives the right to perfect that mortgage  deed? It's inequitable for a debtor to be able to keep a fully paid off property at the expense of the creditors that gave them the money to buy that property. That is not what the bankruptcy code was designed for, Your Honor. Thank you, counsel, and the court would like to thank all counsel for their arguments this morning. Thank you, Your Honors. Have a good day and appreciate your time. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the hearing.